Martin, J.
This suit is brought on a note, on which seven parties bound themselves jointly and severally to the plaintiff, in the sum of seven hundred dollars, bearing interest from the date, at ten per cent, the consideration of which was the professional services of the plaintiif in two suits, in which the subscribers were brought in as warrantors. One of the subscribers is not a party to the suit, probably on account of his being domiciliated in another parish than that in which the suit was brought. Three of the others are married women, who do not appear to have been authorized to subscribe the note. They pleaded their legal incapacity, and the First Judge sustained their plea. The answer denies, that the plaintiff rendered those services for the remuneration of which the note was given, and alleges, that the three remaining subscribers are not bound by their signature to the note, because three of the obligors, not having been authorized to sign it, their signature is of no avail, and consequently, the note is the evidence of an inchoate contract, which never received its perfection by the assent of all the parties between whom it originated. The plaintiff had judgment against these three obligors, ánd the latter appealed.
Our attention was first drawn to a bill of exceptions to the opinion of the court, overruling the claim of the defendants to a trial by jury. It does not appear to us, that the Judge e.rred, the claim not being supported by the defendants’ affidavit required by the Legislature, when the suit is on a note of hand. B. & C.’s Digest, p. 157, § 33.
The record contains no evidence of any action of the plaintiff; but it appears, that the parties who had brought in the defendants as warrantors, effected a compromise, whereby the claims against them were abandoned, and the persons they had called in warranty were discharged.
But it is shown, that the plaintiff was always ready to assist and co-operate with the counsel of those who had called his clients in warranty, until the compromise was effected.
The First Judge correctly concluded, that the apparent inae- *524 tivity of the plaintiff may have been attended with close and deep study of his case; and have been the result of his opinion, that it would lead to a compromise more advantageous than, and certainly equally so, as any judgment he could obtain. It is clear, that if he had run the risk of a trial and failed, he would have been entitled to the stipulated reward; and we agree with the First Judge, that he equally earned it by temporizing, and. holding himself ready to improve any favorable chance that might present itself.
On the other point, the First Judge was of opinion, that the appellants knew, or were bound to know, that some of their co-obligors were not authorized to contract, and must abide the consequences, He is supported by the Civil Code, which provides that, a co-debtor, in solido, being sued by the creditor, may plead all the exceptions resulting from the nature of the obligation, and all such as are personal to himself, as well as such as are common to all the creditors; but that he cannot plead such exceptions as are merely personal to some of the other co-debtors. Art. 2094,

Judgment affirmed.